IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA



2nd ORIGINAL

| | |
|---|---|
| BILLIE JEAN RAY,<br><br>　　Plaintiff,<br><br>vs.<br><br>HOME STATE COUNTY MUTUAL INSURANCE, LOGICORP ENTERPRISES, LLC, C.H. ROBINSON COMPANY and JESUS PRUNEDA,<br><br>　　Defendants. | JURY TRIAL DEMANDED<br><br>CIVIL ACTION<br>FILE NO. _____<br><br>11 C-09859-5 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW BILLIE JEAN RAY, Plaintiff, and makes and files this Complaint for Damages and Demand for Jury Trial, as follows:

### PARTIES AND JURISDICTION

1.

Defendant HOME STATE COUNTY MUTUAL INSURANCE ("Home State Insurance") is a foreign corporation existing under the laws of the State of Texas with its principal place of business in the State of Texas, and does not maintain a registered agent for service in the State of Georgia and may be served pursuant to O.C.G.A. § 14-2-1510 and O.C.G.A. § 9-11-4(e)(1) by delivering via certified U.S. mail second originals of the summons and complaint upon its Secretary Charles M. Davis at its principal place of business located at 4315 Lake Shore Drive, Waco, Texas 76710 with a copy of process served upon the Georgia Secretary of State at 214 State Capitol, Atlanta, Georgia 30334 with the $10.00 filing fee and the Affidavit of Counsel to be appended to the pleadings. Defendant Home State County Mutual Insurance is subject to the jurisdiction of this Court.

- 1 -



2.

Defendant LOGICORP ENTERPRISES, LLC ("Logicorp Enterprises") is a foreign limited liability company existing under the laws of the State of Texas with its principal place of business in the State of Texas, and does not maintain a registered agent for service in the State of Georgia, and may be served pursuant to O.C.G.A. § 14-11-1108 by delivering a copy of the summons and complaint via certified U.S. Mail addressed to Logicorp Enterprises, LLC at its principal place of business located at 1301 North State Highway 336, Hidalgo, Texas, 78557 and is subject to the jurisdiction of this Court.

3.

Defendant C.H. ROBINSON COMPANY ("C.H. Robinson") is a corporation existing under the laws of the State of Minnesota with its principal place of business in the State of Minnesota, and is authorized to transact business in the State of Georgia, and may be served by delivering a copy of the summons and complaint on its registered agent for service, Corporation Technology Company located at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092, and is subject to the jurisdiction of this Court.

4.

Defendant JESUS PRUNEDA ("Pruneda") is a citizen of the State of Texas and resides in that state, and is a nonresident motorist and may be served with second originals of the Summons and Complaint at his home address at 355 W. Gem Avenue, Raymondville, Texas 78580 via certified U.S. Mail, with a copy of process served upon the Georgia Secretary of State at 214 State Capitol, Atlanta, Georgia 30334 with the $10.00 filing fee and the Affidavit of Compliance to be appended to the pleadings pursuant to O.C.G.A. § 40-12-2. Defendant Pruneda is subject to the jurisdiction of this Court.

5.

Plaintiff Billie Jean Ray is a citizen of the State of Georgia and resides in this state and is subject to the jurisdiction of this Court.

6.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

7.

On June 17, 2011 at approximately 10:15 p.m., Defendant Pruneda was driving a fully loaded 2007 Kenworth tractor-trailer Southbound on Interstate 85 in Gwinnett County, Georgia approaching its intersection with Buford Drive / SR 20.

8.

At about that same time, Greg Forsyth was driving his aunt's Nissan Frontier with his aunt, Billie Jean Ray as passenger, on Interstate 85 Southbound in Gwinnett County, Georgia in front of Defendant's truck.

9.

Defendant Pruneda was operating the tractor-trailer on behalf of Defendant Logicorp Enterprises, LLC.

10.

Defendant Pruneda was hauling a load of cargo that had been shipped by Defendant C.H. Robinson Company.

11.

Greg Forsyth slowed his aunt's vehicle for traffic in front of him and lawfully and was coming to a stop due to traffic congestion.

12.

Suddenly and without warning, Defendant Pruneda's tractor-trailer violently struck the rear of the Nissan Frontier driven by Greg Forsyth.

13.

The force of the impact caused the Nissan Frontier to be thrown into the rear the vehicle in front of it, crushing the Nissan Frontier between the two vehicles.

14.

As a direct and proximate result of the collision, Plaintiff sustained severe and permanent injuries.

## COUNT I – NEGLIGENCE

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

Defendant Pruneda was negligent in the operation of his tractor-trailer by driving too fast for conditions, failing to maintain a proper lookout, and following too closely.

17.

Defendant Pruneda was negligent in striking the rear of Plaintiff's vehicle.

18.

Defendant Pruneda's negligence is the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT II – IMPUTED LIABILITY

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

At the time of the subject collision, Defendant Pruneda was under dispatch for Defendant Logicorp Enterprises.

21.

At the time of the subject collision, Defendant Pruneda was operating his vehicle on behalf of Defendant Logicorp Enterprises.

22.

Defendant Logicorp Enterprises is an interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of Defendant Pruneda in regard to the collision described in this complaint under the doctrine of lease liability, agency, or apparent agency.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION & ENTRUSTMENT

23.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 22 above as if fully restated.

24.

Defendant Logicorp Enterprises was negligent in hiring Defendant Pruneda and entrusting him to drive a tractor-trailer for the company.

25.

Defendant Logicorp Enterprises was negligent in failing to properly train Defendant Pruneda.

26.

Defendant Logicorp Enterprises was negligent in failing to properly supervise Defendant Pruneda.

27.

Defendant Logicorp Enterprises was negligent in retaining Defendant Pruneda as an employee and entrusting him to operate a commercial vehicle when they knew or should have known his unsafe driving history.

28.

Defendant Logicorp Enterprises was negligent in entrusting Defendant Pruneda with a commercial vehicle when they knew or should have known his unsafe driving history.

29.

Defendant Logicorp Enterprises' negligence in hiring and retaining Defendant Pruneda and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

## COUNT IV – SHIPPER LIABILITY

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Upon information and belief, the freight shipped by Defendant C.H. Robinson was improperly loaded and unevenly distributed which resulted in the cargo shifting in the trailer.

32.

As a direct and proximate result of Defendant C.H. Robinson's negligent loading of this cargo, the tractor-trailer became unstable making it difficult to come to a stop immediately prior to this wreck.

33.

As a direct and proximate result of Defendant C.H. Robinson's negligent loading of this cargo, Plaintiff was struck at a high rate of speed and sustained serious injuries.

34.

Upon information and belief, Defendants were cited with violating 49 C.F.R. § 393.100(c) and were placed out-of-service for failing to adequately secure this load.

35.

Defendants are negligent as a matter of law for violating 49 C.F.R. § 393.100(c), as well as other federal and state laws.

## COUNT V – DIRECT ACTION

36.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 35 above as if fully restated.

37.

Defendant Home State Insurance is subject to a direct action as the insurer for Defendant Logicorp Enterprises pursuant to O.C.G.A. § 46-7-12 and O.C.G.A. § 46-7-12.1.

38.

Defendant Home State Insurance is also subject to a direct action as the insurer for Defendant Logicorp Enterprises pursuant to O.C.G.A. § 46-2-140.

39.

Defendant Home State Insurance was the insurer of Defendant Logicorp Enterprises at the time of the subject incident and issued a liability policy to comply with the requirements for interstate transportation.

40.

Defendant Home State Insurance and Defendant Logicorp Enterprises are subject to the filing requirements outlined in O.C.G.A. § 46-7-12, § 46-7-12.1 and O.C.G.A. § 46-2-140.

41.

Defendant Home State Insurance is responsible for any judgment rendered against Defendant Logicorp Enterprises and/or Defendant Pruneda.

## COUNT VI – DAMAGES

42.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 41 above as if fully restated.

43.

As a result of Defendants' negligence, Plaintiff suffered catastrophic injuries.

44.

As a result of Defendants' negligence, Plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

45.

Defendants' negligence is the sole and proximate cause of Plaintiff's injuries and damages.

## COUNT VII – PUNITIVE DAMAGES

46.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 45 above as if fully restated.

47.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

48.

By reason of the foregoing, Plaintiff is entitled to punitive damages as determined by a jury.

**WHEREFORE**, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

   a.  That Plaintiff recovers the full value of her past and future medical expenses in an amount to be proven at trial;

   b.  That Plaintiff recovers for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

   c.  That Plaintiff recovers punitive damages in an amount to be determined by the enlightened conscience of a jury;

   d.  That Plaintiff recovers the costs of this litigation; and

   e.  That Plaintiff recovers such other and further relief as is just and proper.

This 22nd day of December, 2011.

Respectfully Submitted,

**FRIED ROGERS GOLDBERG, LLC**

By: _____
BRIAN D. ROGERS
Georgia Bar No. 612105

**ATTORNEYS FOR PLAINTIFF**

Two Alliance Center
3560 Lenox Road, NE
Suite 1250
Atlanta, Georgia 30326
(404) 591-1800
Fax: (404) 591-1801
Email: buck@frg-law.com

2nd ORIGINAL

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Billie Jean Ray<br>c/o Fried Rogers Goldberg LLC<br>3560 Lenox Road, N.E., Suite 1250<br>Atlanta, Georgia 30326-4275<br>PLAINTIFF | 11 C-09859-5<br>CIVIL ACTION<br>NUMBER _____ |

VS.

Logicorp Enterprises, LLC

1301 N. State Highway 336

Hidalgo, Texas 78557

DEFENDANT

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Brian D. "Buck" Rogers, Esquire**
**Fried Rogers Goldberg LLC**
**3560 Lenox Road, N.E., Suite 1250**
**Atlanta, Georgia 30326-4275**
**404-591-1800**

an answer to the complaint which is herewith served on you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _02_ day of _December_, 20_11_.

Clerk of State Court

BY _____ Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

## 2nd ORIGINAL

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Billie Jean Ray<br>c/o Fried Rogers Goldberg LLC<br>3560 Lenox Rd., N.E., Suite 1250<br>Atlanta, Georgia 30326-4275<br>_____PLAINTIFF<br>VS.<br><br>Jesus Pruneda<br><br>355 W. Gem Avenue<br><br>Raymondville, Texas 78580<br>_____DEFENDANT | CIVIL ACTION **11 C-09859-5**<br>NUMBER _____ |

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Brian D. "Buck" Rogers, Esquire**
**Fried Rogers Goldberg LLC**
**3560 Lenox Road, N.E., Suite 1250**
**Atlanta, Georgia 30326-4275**
**404-591-1800**

an answer to the complaint which is herewith served on you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _22_ day of _December_, 20_11_.

Clerk of State Court

BY _____
                        Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

2nd ORIGINAL

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

Billie Jean Ray
c/o Fried Rogers Goldberg LLC
3560 Lenox Road, N.E., Suite 1250
Atlanta, Georgia 30326-4275
PLAINTIFF

CIVIL ACTION NUMBER  11 C-09859-5

VS.

Home State County Mutual Insurance
Attn: Charles M. Davis
4315 Lake Shore Drive
Waco, Texas 76710
DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Brian D. "Buck" Rogers, Esquire
Fried Rogers Goldberg LLC
3560 Lenox Road, N.E., Suite 1250
Atlanta, Georgia 30326-4275
404-591-1800

an answer to the complaint which is herewith served on you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 2d day of December, 20 11.

Clerk of State Court

BY _____ Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.